IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RITA M. GARCIA, and
CHRIS A. GARCIA,

        Plaintiffs,

v.                                     Civ. No. 08-144 MV/LAM

CITY OF ALBUQUERQUE, and its
subsidiary the ALBUQUERQUE POLICE
DEPARTMENT, POLICE SERVICE AIDE
ERIC JOJOLA, #3446, APD OFFICER
J. NAPOLEONE, #3894, APD SGT. ARMIJO,
#492, and ALBUQUERQUE POLICE OFFICERS
OR POLICE SERVICE AIDES JOHN/JANE
DOE 1-4, in their individual and official capacities,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss for Failure to Timely Name Fictitious Defendants (Doc. No. 23, filed September 11, 2008), on Defendant Louis Armijo's Motion for Summary Judgment Requesting Dismissal of Plaintiffs' Complaint (Doc. No. 25, filed September 11, 2008), and on Plaintiffs' Motion to Substitute Jose Carrasco for John Doe Officer and Dismiss Defendants Jojola and Napoleone (Doc. No. 32, filed April 13, 2009). For the reasons stated below, the Court will **GRANT in part** Defendant's Motion to Dismiss for Failure to Timely Name Fictitious Defendants, **DENY** Defendant Louis Armijo's Motion for Summary Judgment without prejudice, and **GRANT** Plaintiffs' Motion to Substitute Jose Carrasco for John Doe Officer and Dismiss Defendants Jojola and Napoleone.

**Plaintiffs' Motion to Substitute Party and Dismiss Other Parties**

Plaintiffs seek to substitute Jose Carrasco for one of the John Doe defendants and to dismiss

Defendants JoJola and Napoleone from this suit with prejudice. (Doc. No. 32, filed April 13, 2009). Defendants did not timely file a response in opposition. The Court will grant Plaintiffs' Motion to Substitute Jose Carrasco for John Doe Officer and Dismiss Defendants Jojola and Napoleone. *See* D.N.M.LR-Civ. No. 7.1(b) (failure of a party to file and serve a response in the time prescribed for doing so constitutes consent to grant the motion).

**Defendants' Motion to Dismiss for Failure to Timely Name Fictitious Defendants**

Plaintiffs' Complaint names four John/Jane Doe defendants. Defendants request that the Court dismiss the fictitious defendants on the grounds that Plaintiffs had approximately six months of discovery and have not identified the unknown officers. (Doc. No. 23, filed September 11, 2008). Defendants argue that an unknown defendant cannot defend him or herself, and a principal cannot defend itself against allegations that an unknown agent committed a civil rights violation or tort. (*Id.*).

Plaintiffs did not timely file a response in opposition to Defendants' Motion to Dismiss for Failure to Timely Name Fictitious Defendants. Because it is granting Plaintiffs' Motion to Substitute Jose Carrasco for one of the fictitious defendants, the Court will grant Defendant's Motion to Dismiss for Failure to Timely Name Fictitious Defendants in part and dismiss the three remaining John/Jane Doe defendants.

**Defendant Louis Armijo's Motion for Summary Judgment**

Defendant Louis Armijo ("Armijo") contends that he is entitled to qualified immunity because (1) he impounded Plaintiffs' vehicle pursuant to his community caretaking duties, and (2) the inventory search of Plaintiffs' vehicle was conducted pursuant to APD policy and procedures.

Plaintiffs dispute some of the material facts in Armijo's Motion to Summary Judgment and

attach their affidavits to their Response (Doc. No. 31, filed April 13, 2009) setting out specific facts to show a genuine issue for trial.  The affidavits attached to the Response are not signed or notarized. An affidavit must be "confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation."  *See* Black's Law Dictionary 58 (6th ed. 1990).  The Court will not consider unsworn affidavits.

Because the submission of unsworn affidavits may be the result of mistake, and given the "policy which favors deciding cases on the merits as opposed to dismissing them because of minor technical defects," the Court will allow Plaintiffs to cure the defect by submitting sworn affidavits. *Denver & Rio Grande Western RR Co. v. Union Pac. RR Co.*, 119 F.3d 847, 848-49 (10th Cir. 1997) (*citing Foman v. Davis*, 371 U.S. 178, 181-82 (1962) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome ....")). In the interest of fairness, the Court will give Armijo the opportunity to revise his motion if he wishes to do so.  Armijo's Motion for Summary Judgment now before the Court will be denied without prejudice.  Armijo may file a revised motion for summary judgment or, if he does not wish to revise his Motion for Summary Judgment, he may renew his Motion for Summary Judgment by filing a Notice of Renewal with the Court.

**IT IS SO ORDERED.**

Dated this 15th day of May, 2009.

_____
**MARTHA VAZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Attorneys for Plaintiffs:*

Joseph P. Kennedy
Kennedy Law Firm
1000 Second Street, N.W.
Albuquerque , NM 87102

Roman R Romero
The Romero Law Firm PA
1001 5th Street NW
Albuquerque , NM 87102

*Attorney for Defendants:*

Kathryn Levy
City of Albuquerque Legal Department
P O Box 2248
Albuquerque , NM 87103-2248